# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TIFFANY LANE, )
)
Plaintiff, )
)
v. )
) C.A. No. N24C-06-175 CLS
HEALTHCARE SERVICES GROUP, )
INC., CADIA HEALTHCARE LLC, )
and LAURA DITTMER )
)
Defendants. )

Date Submitted: December 30, 2025
Date Decided: March 13, 2026

# **ORDER**

*On Plaintiff's Motion for Reconsideration*. **DENIED**.

Kate Butler, Esquire, for KATE BUTLER LAW LLC, *Attorney for Plaintiff*.

Richard P. Beck, Esquire, for RICHARD BECK, LLC, Brian D. Boreman, Esquire, and Lauren A. Nehra, Esquire, for UNRUH, TURNER, BURKE & FREES, *Attorneys for Defendants Cadia Healthcare, LLC and Laura Dittmar*.

**SCOTT, J.**

Having considered Plaintiff's Motion for Reconsideration[1] and Defendants' Response,[2] it appears to the Court that:

1. This matter stems from a Complaint alleging that Defendants wrongfully terminated Tiffany Lane ("Plaintiff") from her employment with Cadia Healthcare, LLC, for reporting a Cadia resident's complaint that another employee sexually abused that resident.[3]

2. On February 25, 2025, Plaintiff served on the Department of Services for Children, Youth, and their Families ("DSCYF") a subpoena for production of an October 28, 2022, child abuse report involving Plaintiff.[4]  DSCYF only disclosed the investigation case detail notes because 42 U.S.C. § 5106a(b)(2)(B)(viii) mandates that the State maintain "methods to preserve the confidentiality of all records . . . to protect the rights of the child and of the child's parents or guardians[.]" Consequently, DSCYF would not release anything further unless this Court ordered disclosure under 42 U.S.C. § 5106a(b)(3) following an in-camera review.[5]

3. On June 10, 2025, Plaintiff filed a Motion to Compel, asking the Court to review in-camera, and require production of, the report because there was reason to

---

[1] Pl.'s Mot. for Reconsideration, D.I. 101 ("MFR").
[2] Defs. Cadia Healthcare, LLC's and Laura Dittmer's Resp. to Pl.'s Mot. for Reconsideration, D.I. 102 ("Defs.' Resp.").
[3] *See generally* Complaint, D.I. 1 ("Compl.").
[4] Pl.'s Mot. Compel ¶ 1, Ex. A, D.I. 60.
[5] *Id.* ¶ 2, Ex. C; *see also* DSCYF's Resp. to Pl.'s Mot. to Compel, D.I. 63.

believe that the reporter knowingly made a false report.[6] Defendants Cadia Healthcare, LLC and Laura Dittmer (collectively "Defendants") responded in opposition to Plaintiff's Motion to Compel.[7]

4. On December 17, 2025, following review of the Motion to Compel, responses, and the information provided in-camera, the Court issued an Order Denying Plaintiff's Motion to Compel.[8]

5. Plaintiff then filed this Motion for Reconsideration on December 19, 2025.[9] Defendants filed a Response on December 30, 2025.[10]

6. On a motion for reargument under Superior Court Rule of Civil Procedure 59(e), the Court will determine from the motion and answer whether reargument will be granted and the only issue is whether the Court overlooked something that would have changed the outcome of the underlying decision.[11] Thus, the motion will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[12] A motion for reargument is not an

---

[6] Pl.'s Mot. Compel ¶ 6.

[7] Defs. Cadia Healthcare, LLC's and Laura Dittmer's Resp. to Pl.'s Mot. to Compel, D.I. 61.

[8] Order Denying Pl.'s Mot. to Compel, D.I. 100.

[9] *See generally* MFR.

[10] *See generally* Def.'s Resp.

[11] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000), *aff'd*, 763 A.2d 90 (Del. 2000).

[12] *BRP Hold Ox, LLC v. Chilian*, 2018 WL 6432978, at *1 (Del. Super. Dec. 6, 2018) (quoting *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006)).

opportunity for a party to rehash the arguments already decided by the Court or to present new arguments not previously raised.[13]  A party seeking to have the Court reconsider the earlier ruling must, "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[14]  "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[15]

7.  Plaintiff's argument is based on additional discovery produced after Plaintiff filed the June 10, 2025, Motion to Compel.[16]  Specifically, on November 19, 2025, Defendant Dittmer disclosed a series of text messages exchanged between herself and a resident of Cadia Healthcare on October 28, 2022.[17]  Defendant Dittmer also provided a series of emails from October 25, 2022, through November 4, 2022.[18]

8.  According to Plaintiff, this additional discovery constitutes newly discovered evidence "buttressing the conclusion that the October 28, 2022 hotline report was knowingly false" because it tends to show that Defendant Dittmer filed the report in retaliation.[19]  In addition, Plaintiff proffers that the Court's analysis relied on the

---

[13] *Kennedy*, 2006 WL 488590, at * 1.
[14] *Brenner*, 2000 WL 972649, at *1.
[15] *Newborn v. Christiana Psychiatric Serv., P.A.*, 2017 WL 394096, at *2 (Del. Super. Jan. 25, 2017)
[16] MFR ¶ 1.
[17] *Id.* ¶ 4.
[18] *Id.* ¶ 9, Ex. C.
[19] *Id.* ¶ 3.

incorrect legal standard.[20] Alternatively, Plaintiff asks the Court for clarification on whether it found reason to believe the report was knowingly false.[21]

9. Defendants argue that the additional discovery produced is not newly discovered evidence, and even if it were, it would not change the outcome of the Order.[22] Further, Defendants proffer that the Court's citation of 16 *Del. C.* § 906(e)(16) "does not *ipso facto* mean that its decision was based on this statute alone[.]"[23]

10. The Court finds that the text message and emails are not relevant to the inquiry here. The Court's review under 42 U.S.C. § 5106a(b)(3) is limited to "the record of the State related to the report" and whether the Court "finds reason to believe that the reporter knowingly made a false report." Because the text messages and emails were not in the State's record related to the report, and the report was submitted anonymously, the text messages and emails do not constitute newly discovered evidence changing the outcome of the Order.

11. The Court's citation to 16 *Del. C.* § 906(e)(16) was not the standard applied to review the report. Rather, the Court cited Section 906(e)(16) to note that even with the Court's review under 42 U.S.C. § 5106a(b)(3), the Department itself has an

---

[20] *Id.* ¶¶ 13–15.
[21] *Id.* ¶ 17.
[22] Defs.' Resp. at 2–5.
[23] *Id.* at 5–6.

obligation to inform the appropriate law enforcement agency of reports "made maliciously or for the purpose of harassment." Thus, given that the Court's review of the record did not indicate that the report was suspicious to the Department, Section 906(e)(16) only lends added support to the Court's finding under Section 5106a(b)(3).

12. As for clarification, the Court's belief is that the reporter did not make a knowingly false report after a review of the State's record related to the report. Otherwise, no further clarification is required because the report is confidential, and the State may otherwise "refuse to disclose identifying information concerning the individual initiating a report or complaint alleging suspected instances of child abuse or neglect[.]"[24] Consequently, Plaintiff does not meet the burden of proof required for reconsideration under Rule 59(e).

13. In sum, for the foregoing reasons, Plaintiff's Motion for Reconsideration is **DENIED**.

      **IT IS SO ORDERED.**

*/s/ Calvin Scott*
Judge Calvin L. Scott, Jr.

---

[24] 42 U.S.C. § 5106a(b)(3)